UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KARLOS OWENS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:17-cv-00350-WTL-MJD |
| ) | |
| STEPHEN JULIAN, ) | |
| ) | |
| Respondent. ) | |

**Entry Denying Petition for a Writ of Habeas Corpus
And Directing Entry of Final Judgment**

Petitioner Karlos Owens (Owens) is a federal prisoner currently incarcerated at the Federal Correctional Institution (FCI) in Terre Haute, Indiana. Owens is serving a term of imprisonment of 27 months imposed by the United States District Court for the Eastern District of Missouri. Owens filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 to challenge the way his sentence has been calculated by the Bureau of Prisons. In particular, he argues that he should have been given credit for the time he spent in pretrial detention. For the reasons explained below, Owens' petition is denied.

**I. Background**

On February 27, 2014, Owens was sentenced to six years imprisonment by the State of Missouri for Possession C/S Heroin (Case No. 1122-CR03514-01) with a one year concurrent sentence for Possession of Marijuana. The state sentences were ordered to be served consecutively to a prior state sentence of four years for Resisting Law Enforcement with 4 years concurrent for Resisting Arrest by Fleeing (Case No. 1322-CR03958-01).

On May 11, 2015, while Owens was on parole from those convictions, he was arrested by local law enforcement and charged with Driving with a Suspended License and Leaving the Scene of an Accident.

On July 6, 2015, Owens' state parole was revoked and he was returned to the Missouri Department of Corrections ("DOC") to serve his prior state sentence.

On September 30, 2015, Owens was indicted in the United States District Court for the Eastern District of Missouri, Case No. 4:15CR00448-1 SNLJ/DDN, and charged with Knowingly and Intentionally Distributing Heroin, and Knowingly Possessing a Firearm in Furtherance of a Drug Trafficking Crime, and Felon in Possession of a Firearm.

On October 2, 2015, the United States filed an Application for Writ of Habeas Corpus Ad Prosequendum seeking to bring the Petitioner to appear before the district court for an initial appearance and other dates and times as needed, and then to return him to his place of custody, the Eastern Reception Diagnostic Center, upon completion of proceedings. On October 2, 2015, the district court ordered that the Writ issue as requested in the application. On October 8, 2015, United States Marshals executed the writ and took temporary custody of Petitioner.

On August 3, 2016, Owens was sentenced in the United States District Court to a 27-month term of imprisonment to be served consecutively to the sentences previously imposed by the State of Missouri in Docket Nos. 1122-CR03514-01 and 1322-CR3958-01 "and consecutively to any other sentences imposed by any other court."

On August 19, 2016, Owens was returned to the Missouri Department of Corrections in satisfaction of the writ, and the federal Judgment became a detainer pending his release from state custody.

On November 23, 2016, the State of Missouri paroled Owens, who was then released into the custody of the United States Marshal pursuant to the federal detainer to begin service of his federal sentence. On March 10, 2017, the Missouri state charges stemming from the May 11, 2015 arrest were dismissed.

Owens currently has a projected release date (via Good Conduct release) of November 8, 2018, and upon completion of the Residential Drug Abuse Program ("RDAP"), Owens may be eligible for a sentence reduction and release on June 6, 2018.

## II. Discussion

Owens challenges the calculation of his federal sentence. He argues that he is entitled to credit against his federal sentence for the period of time he spent in custody between October 8, 2015, and August 19, 2016. The respondent argues that Owens was given credit toward his Missouri sentence for that time and is not entitled to receive credit against his federal sentence.

The Attorney General is responsible for computing the terms of imprisonment of federal prisoners for all offenses committed on or after November 1, 1987. *See United States v. Wilson*, 503 U.S. 329 (1992). The Attorney General has delegated that authority to the Bureau of Prisons. See 28 C.F.R. § 0.96.

A federal sentence does not commence until the Attorney General receives the prisoner into custody for service of the federal sentence. *Pinaud v. James*, 851 F.2d 27, 30-31 (2d Cir. 1988); 18 U.S.C. § 3585(a). Additionally, Program Statement 5880.28 states, "In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed."

The computation of federal sentences is governed by 18 U.S.C. § 3585. Section 3585(b) directs that a defendant receive prior custody credit, or jail time credit, "for any time spent in official detention prior to the date the sentence commences: (1) as a result of the offense for which

3

the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; (3) that has not been credited against another sentence." § 3585(b); *see also Wilson*, 503 U.S. at 333 (final clause in Section 3585(b) permits a defendant to receive only credit for custody time that has not been credited against another sentence). The essential questions in calculating a federal sentence are: (1) when does the sentence commence; and (2) to what extent is the prisoner entitled to receive credit for any time already spent in custody? 18 U.S.C. § 3585.

Owens was in primary state custody when he was sentenced in federal court, therefore Owens' federal sentence commenced on November 23, 2016, the date he was paroled from state custody and turned over to the U.S. Marshals pursuant to the detainer.

There is no dispute that Owens' federal sentence commenced on November 23, 2016. The parties, disagree however, as to whether Owens is entitled to receive credit for any time he already spent in custody. The respondent argues that between May 11, 2015, and Owens' return to state custody on August 19, 2016, he was receiving credit on his state sentence. In reply, Owens argues he did not receive credit towards his state sentence during this time period.

Owens is mistaken. Between October 8, 2015, and August 19, 2016, Owens remained under the primary jurisdiction of the State of Missouri. Primary jurisdiction remains vested in the sovereign that first arrested the defendant until that sovereign relinquishes its hold on the defendant, by bail release, dismissal of charges, parole release, or expiration of the sentence. *Ponzi v. Fessenden*, 258 U.S. 254, 260-61 (1922). *See also Thomas v. Whalen*, 962 F.2d 358, 361 n.3 (4th Cir. 1992). Producing a state prisoner under a writ of habeas corpus ad prosequendum to answer federal charges does not relinquish state custody. The federal writ merely "loans" the prisoner to federal authorities. *Flick v. Blevins*, 887 F.2d 778, 782 (7th Cir. 1989). In addition, an

employee of the Missouri Department of Corrections' Records Department testified Owens was given credit for the time he served from May 11, 2015, through August 19, 2016. Owens is currently on parole in Missouri and continues to receive credit for time served while in the BOP's custody.

Having already received credit for this time period against his state sentence, Owens may not obtain double credit to his federal sentence. See 18 U.S.C. § 3585(b); *Flick*, 887 F.2d at 782.

### III. Conclusion

There is no error in the calculation of Owens' sentence. Owens has not demonstrated any mathematical error in the calculation of his sentence nor any inconsistency with the requirements of 18 U.S.C. § 3585 in respect to that calculation. Owens' sentence has been correctly calculated by the Bureau of Prisons and his challenge to that calculation is without merit.

"A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Owens has not made such a showing in this case. Accordingly, his petition for writ of habeas corpus must be denied and the action dismissed with prejudice.

**IT IS SO ORDERED.**

Date: 4/26/18

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

KARLOS OWENS
43049-044
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Electronically Registered Counsel